IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLEY MCINNIS, DEMETRIUS STEWART, SHARDAE BAILEY, and DONAMEEN JONES, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 21 C 0309 |
| v. | ) ) | Judge Robert W. Gettleman |
| SURESTAFF, LLC, and MINUTEMEN OF ILLINOIS, INC., | ) ) ) | |
| Defendants. | ) ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Willey McInnis filed a putative class action complaint against defendant Party City Corp. in the Circuit Court of DuPage County, Illinois, alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 et seq. Party City removed the case to this court asserting subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(1)(B), and § 1453 ("CAFA"), which expands diversity jurisdiction for class actions in which there are 100 or more class members, with at least one class member diverse from at least one defendant (i.e., minimal diversity), and more and $5 million, in controversy. See <u>Roppo v. Travelers Commer. Ins. Co.</u>, 869 F.3d 568, 578 (7th Cir. 2017). Plaintiff then filed an amended complaint, adding three staffing companies as defendants: 1) SureStaff, LLC; 2) Premier Employee Solutions, LLC; and 3) Minute Men of Illinois, Inc. The amended complaint also added three new plaintiffs, Demetrius Stewart, Shardae Bailey, and Donameen Jones, all citizens of Illinois. A few months later, plaintiffs dismissed Party City and Premier, the only minimally

diverse defendants.   SureStaff and Minute Men, the only remaining defendants, are both citizens

of Illinois, as are the named plaintiffs and, according to plaintiffs, the entire putative class.

Plaintiffs have now moved to remand the case back to the state court, or in the alternative

for leave to take jurisdictional discovery, arguing that the court should decline jurisdiction under

CAFA's: 1) home state exception (§ 1332(d)(4)(B)); 2) local controversy exception (§ 1332

(d)(4)(A)); or 3) discretionary jurisdiction (§ 1332(d)(3)).   Defendants object, arguing that

plaintiff's motion violates the well settled rule that jurisdiction is decided at the time of removal,

and that later changes that compromise diversity do not destroy jurisdiction.   See In re Burlington

N. Santa Fe Ry. Co., 606 F.3d 379, 380 (7th Cir. 2010).

The court agrees with defendants to the extent that they argue that the amendments to the

complaint do not destroy this court's jurisdiction.   That, however, is only half the equation.   The

real issue is whether the court, having jurisdiction, should decline to exercise its jurisdiction under

CAFA's exceptions.   Defendants, citing Myrick v. WellPoint, Inc., 764 F.3d 662, 664 (7th Cir.

2014), again argue that the party proposing that the district decline to exercise jurisdiction "may

only properly invoke the home-state or local controversy exceptions at the time of removal."

(Emphasis in original).   But Myrick says nothing of the sort.   Myrick states that "the party

proposing that the district court 'decline to exercise' jurisdiction that was properly invoked at the

time of removal also has the burden of production."   Id. at 664-65.   More importantly, the court

stated that "the 'decline to exercise' clause of § 1332(d)(4), like the local-law-remand provision in

28 U.S.C. § 1367(c), concerns whether the court exercises jurisdiction to the full, not whether it

exists."   Id. at 665.   Thus, it is clear that like under § 1367(c), changes to the action may be taken

into account under CAFA's "decline to exercise" clause.   See Kaufman v. Allstate New Jersy Ins.

2

Co., 561 F.3d 144, 153, (3rd Cir. 2009) ("[W]e conclude that the local controversy exception requires consideration of the defendants presently in the action. . . . Application of the local controversy exception must focus on the Defendants which remain in the action.").

In the instant case, the two remaining defendants are both citizens of Illinois.   There appears to be no question that at least one of the defendants is a defendant from whom significant relief is sought, whose conduct forms a significant basis for the claims asserted, the principal injuries resulting from the alleged conduct were incurred in Illinois, and that no other class action asserting the same or similar factual allegations has been filed against either defendant on behalf of the same or other persons.   28 U.S.C. § 1332(d)(4)(A).   Defendants correctly argue, however, that it is plaintiffs' burden of production to show either that greater than one-third but less than two-thirds of the members of the proposed class are also citizens of Illinois for purposes of §1332(d)(3), or that greater than two-thirds of the members of the proposed class are citizens of Illinois (the state in which the action was originally filed) for purposes of application of § 1332(d)(4)(A) or (B).   Given that all of the proposed class members had their fingerprints collected, received, otherwise obtained, or disclosed by defendants while in Illinois, this seems likely, but plaintiffs have presented no data from which the court could reach that conclusion. Consequently, the court grants plaintiffs' motion for leave to take jurisdictional discovery to establish the citizenship of the members of the proposed class.

## **CONCLUSION**

For the reasons described above, plaintiff's motion to remand or to take jurisdictional discovery [Doc. 30] is granted in part.   Plaintiff is granted leave to take discovery limited to the issue of the citizenship of the proposed class members.   Plaintiffs are directed to file a supplement

to their motion to remand by October 8, 2021. Defendants have until October 22, 2021, to respond. The court will issue its ruling via CM/ECF.

ENTER:

Robert W. Gettleman
United States District Judge

DATE: September 3, 2021

4